**F UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **EKATERINA LEKSINA** | **CASE NO. 6:25-CV-01767 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SHAD RICE, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of habeas corpus filed by Ekaterina Leksina, through counsel, pursuant to 28 U.S.C. § 2241.  Rec. Doc. 1.  The Government filed a response on December 5, 2025.  Doc. 6.  The Petitioner filed a reply.  Doc. 7.  The matter is ripe for review. For the reasons which follow, **IT IS RECOMMENDED** that this habeas corpus action be **GRANTED**.

### I.    FACTUAL BACKGROUND

On or about June 6, 2024, Ekaterina Leksina ("Petitioner"), a native and citizen of Russia, encountered United States Customs and Border Protection at the Otay Mesa, California Port of Entry where she applied for admission into the United States.  *See* Notice and Order of Expedited Removal, Determination of Inadmissibility, doc. 1-1, p. 12.  Upon being deemed inadmissible to enter, Petitioner was placed in expedited removal proceedings pursuant to the Immigration and Nationality Act ("INA").  *Id.*  Petitioner alleged and was ultimately found to have a credible fear of persecution.  *See* Record of Determination/Credible Fear Worksheet.  Doc. 6-1.  Petitioner was issued a Notice to Appear charging her as inadmissible and was placed in removal proceedings under 8 U.S.C. § 1229(a).  *See* Doc. 1-1, p. 9, Notice to Appear. On February 28, 2025, an Immigration Judge (IJ) found Petitioner to be inadmissible under § 212(a)(7)(i)(I) of the INA and

1

ordered her removed to Russia. *See id*. at pp. 5-8, Order of the Immigration Judge. In response to Petitioner's requests for relief, the IJ denied her application for asylum, but granted her application for withholding of removal under INA § 241(b)(3). *Id.*  Both parties reserved their right to appeal; however, no appeals were filed, and Petitioner's removal order became final on April 1, 2025. *Id*.

Petitioner is currently detained at the South Louisiana ICE Processing Center in Basile, LA. Doc. 1, p. 2. Thus, at the time of the filing of the instant petition, Petitioner had been detained under 8 U.S.C. § 1231 pending her removal for eight months, 5 days.

The Government represents that DHS, through its Enforcement and Removal Operations (ERO), has applied to three alternate countries for Petitioner's removal: Honduras, Guatemala, and Poland. Doc. 6, p. 1.  Further, ICE conducted Post Order Custody Reviews in June and August 2025 and determined Petitioner was a flight risk, that her removal is likely to occur in the reasonably foreseeable future, and her continued detention is in the public interest. *See* doc. 1-1, pp. 25-40, Notices to Alien of File Custody Review and Decision to Continue Detention.

Petitioner filed the instant petition challenging the duration of her detention under 28 U.S.C. § 2241.  The Respondents maintain that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future and thus, her detention is lawful. For the following reasons, the petition should be GRANTED and Petitioner should be released.

## II.    LAW AND ANALYSIS

In *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and the extension and application of that decision by *Clark v. Martinez,* 543 U.S. 371, 125 S. Ct. 716, 160 L. Ed. 2d 734 (2005), to aliens who are inadmissible, the United States Supreme Court adopted a six-month period for which the institutional detention of an alien, found within the United States and ordered removed pursuant to various provisions of Section 237(a) of the Act [8 U.S.C. '

1227(a)], is presumptively reasonable, and concluded that, "* * * once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699. In the words of the Court:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. (Citations omitted). And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period.

*Zadvydas*, 533 U.S. at 699-700.

The Supreme Court clearly indicated that the lapse of the presumptive period does not mandate release and concluded that, "[t]o the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The United States Court of Appeals for the Fifth Circuit has recognized that "[t]he [Supreme] Court's decision creates no specific limits on detention, however, 'as an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future'." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), *see also, Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

Thus, in order to state a claim for relief under the *Zadvydas* decision, an alien must: 1) establish post removal order detention in excess of six months at the time of the filing of his or her petition; and 2) establish good reason to believe that there is no significant likelihood of removal

3

in the reasonably foreseeable future. *Id*.; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thereafter, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. To meet his burden under the second prong, an alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, 03-1293, 2003 WL 21805198, \*4 (N.D. ex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).  In order to shift the burden to the Government, an alien must demonstrate that "the circumstances of his status" or the existence of "particular individual barriers to his repatriation" to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future.  *Id*.  If the alien fails to come forward with an initial offer of proof, the petition is ripe for dismissal. *Akinwale*, 287 F.3d at 1051.

### A.  Petitioner's Initial Burden

The Government does not contest that Petitioner has been in custody beyond the presumptively reasonable six- month period.  Instead, they argue that she is not entitled to relief because she fails to show good reason to believe that her removal to a third country is unlikely in the reasonably foreseeable future.

It is undisputed that Petitioner's application for withholding of removal under INA § 241(b)(3) has been granted.  When an alien is granted with withholding-only relief, they may not be removed to the designated country of removal, until conditions change in that country; the noncitizen still may be removed at any time to another country. INA § 241, 8 U.S.C.A. § 1231. The Government states that removal efforts have been made but have not provided any status updates with specific information about dates of applications and responses.  As Petitioner has identified that she is not a citizen of any other country and ICE has not identified a third country that will accept her, the undersigned finds that she has met her initial burden under *Zadvydas*.  *See*

4

*Misirbekov v. Venegas,* No. 25-cv-168, 2025 U.S. Dist. LEXIS 166126, 2025 WL 2450991, at *1-2 (S.D. Tex. Aug. 15, 2025) (finding good reason to believe there was no significant likelihood of removal in the foreseeable future where the petitioner was granted CAT withholding from Kyrgyzstan and had no citizenship or ties to any other country).

### B. *Respondents' Burden*

The burden thus shifts to Respondents, *Zadvydas*, 533 U.S. at 701, who argue that removal is likely in the foreseeable future because DHS has contacted Honduras, Guatemala and Poland seeking acceptance of Petitioner and they anticipate that they will receive a travel document for her in the reasonably foreseeable future.  Doc. 6, p. 5.

Courts in this District have held that the Government's burden to furnish evidence demonstrating that removal is likely in the reasonably foreseeable future is not met by a pending request for travel documents, alone. *See, e.g., Johnson v. Young,* No. 12-cv-2339, 2013 U.S. Dist. LEXIS 53326, 2013 WL 1571938, at *2 (W.D. La. Feb. 11, 2013) (finding argument that Jamaican consulate had not yet refused to issue travel documents insufficient to meet the government's burden), report and recommendation adopted, 2013 U.S. Dist. LEXIS 53313, 2013 WL 1571272 (Apr. 12, 2013); *Fermine v. Dir. of Immigr. & Customs Enf't*, No. 06-cv-1578, 2007 U.S. Dist. LEXIS 61516, 2007 WL 2284606, at *4 (W.D. La. May 23, 2007) (finding no significant likelihood of removal in the reasonably foreseeable future where ICE was continuing efforts to obtain a travel document and Trinidad had not yet refused the request); *see also Yaro v. Mukasey,* No. 5:08-cv-593-XR, 2008 U.S. Dist. LEXIS 88936, 2008 WL 4816657, at *3 (W.D. Tex. Oct. 30, 2008) (finding petitioner's removal likely in the foreseeable future where Malian embassy had not refused to issue travel documents or failed to respond to ICE, but instead acknowledged receipt of application and provided general timeline for investigation and decision). The undersigned finds

these decisions persuasive—Respondents cannot carry their burden with the outstanding requests alone.

Moreover, the longer a request for travel documents remains pending without any action by the foreign government, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *See Zadvydas*, 533 U.S. at 701; *see also Young*, 2013 U.S. Dist. LEXIS 53326, 2013 WL 1571938, at \*1-2 (finding removal not reasonably foreseeable where travel document request was pending for nine months); *Fermine*, 2007 U.S. Dist. LEXIS 61516, 2007 WL 2284606, at \*4 (same, fifteen months).

The Government has provided no evidence or documentation proving that the ERO has applied to three alternate countries for Petitioner's removal, nor have they offered anything to corroborate their claims, the dates of the alleged applications, the responses to the applications, or the status of the applications. The undersigned agrees with the Petitioner's position that the Government's argument that the applications have been made, without more and based solely "on belief," cannot sustain their burden to rebut the Petitioner's claim that there is no significant likelihood that she will be removed in the foreseeable future.

Moreover, the Petitioner contends, and this Court agrees, that the Government's argument that her continued detention is justified by finding her to be a flight risk is weak. Notably, the Supreme Court found that among the two factors considered by the Government in determining custody and release (flight risk and danger to the community), "the first justification—preventing flight—is weak or nonexistent where removal seems a remote possibility at best." *Zadvydas v. Davis*, 533 U.S at 690. However, generally, "dangerousness" and "flight risk" are not part of the *Zadvydas* analysis. *Id*. at 690-92 (explaining that the Court has "upheld preventive detention based

on dangerousness only when limited to especially dangerous individuals and subject to strong procedural protections.").

Under the circumstances of this case, the Court concludes that habeas relief is proper and *Zadvydas* requires Petitioner's release from her unlawful detention. The Court finds no need to address any claim or challenge not addressed herein. And, while Petitioner requests attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), the Fifth Circuit has held that recovery of attorney fees are not available in habeas corpus proceedings. *See Barco v. Witte,* 65 F.4th 782, 785 (5th Cir. 2023). The Court thus denies the request for fees.

### III.    CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the petition be **GRANTED** and Petitioner be **RELEASED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 23rd day of January, 2026.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**